JUSTICE BAER, Dissenting
Throughout these proceedings, it has been my position that the Pennsylvania Congressional Redistricting Act of 2011 should apply to the impending 2018 election. While I have expressed my misgivings with allowing an election to proceed based upon a constitutionally-flawed map, I continue to conclude that the compressed schedule failed to provide a reasonable opportunity for the General Assembly to legislate a new map in compliance with the federal Constitution's delegation of redistricting authority to state legislatures. U.S. CONST. art. I, § 4.
My skepticism regarding the time allotted the Legislature has been borne out. Democracy generally, and legislation specifically, entails elaborate and time-consuming processes. Here, regardless of culpability, the Legislature has been unable to pass a remedial map to place on the Governor's desk for signature or veto. Under these circumstances, Pennsylvania and federal law permit the use of the existing, albeit unconstitutional, map for one final election. See Butcher v. Bloom , 415 Pa. 438, 203 A.2d 556, 568-69 (1964) (citing Lucas v. Forty-Fourth General Assembly of State of Colorado , 377 U.S. 713, 739, 84 S.Ct. 1459, 12 L.Ed.2d 632 (1964) ).
Accordingly, I cannot join this Court's order adopting a new judicially-created congressional redistricting map for this year's primary and general elections. I emphasize that my inability to join the Court's order in no way reflects any opinion on the specific remedial map adopted.